**UNITED STATES of America,**
**Plaintiff,**

v.

**Noah SALCEDO–SMITH, Defendant.**

**No. 05–00315–08–CR WODS.**

United States District Court,
W.D. Missouri,
Western Division.

Nov. 9, 2006.

Phillip Eugene Porter, U.S. Attorney's Office, Kansas City, MO, for Plaintiff.

## ORDER

HAYS, United States Magistrate Judge.

This matter is currently before the Court on defendant Noah Salcedo–Smith's Motion to Prohibit Government Interference With Defendant's Right to Interview Witnesses (doc # 194). Defendant Salcedo–Smith argues:

Mr. Salcedo–Smith believes that the government has reached plea agreements, and perhaps no charge agreements, with one or more witnesses in the federal investigation which led to the charge in this case. Mr. Salcedo–Smith also believes that as a part of these proffer, and/or plea agreements, the government has directed that witnesses not tell any defendant (or defense counsel) what that witness told the government. Mr. Salcedo–Smith believes that the government, by placing such a broad prohibition in the proffer letter and/or plea agreement, improperly restricts a criminal defendant's Due Process Right under the Fifth and Fourteenth Amendments to the United States Constitution, and requests that the Court order the government to either withdraw its demand that a witness withhold this information, or prohibit the use of that witness' testimony.

(Motion to Prohibit Government Interference With Defendant's Right to Interview Witnesses at 1–2)

The Government attached to its response the type of proffer letter which has been used when interviewing witnesses in this case. The letter provides in part:

... the United States is unwilling to take a proffer from any person (1) who will permit the content of the proffer interview to be shared with any non-government representative or (2) who is a party to a joint defense agreement with Doug Albers, Diana Coelyn, Paul Kriger, Noah Salcedo, Michael Carlow, R.J. Garcia, or Robert Chaille. By agreeing to provide a proffer, evidenced by his signature below, Mr. Rounsborg confirms that the content of the proffer interview will remain confidential and that he will not permit or authorize any person, including his attorney, to disclose the content of the proffer interview to any non-government representative without the express prior written approval of the undersigned Assistant United States Attorney. It is essential for Mr. Rounsborg to understand that any violation of the confidentiality of the proffer interview will make further cooperation with federal law enforcement officials impossible; will permit the United States, at its discretion, to void this proffer agreement; and, will permit the United States, without limitation, to use statements made by Mr. Rounsborg in any prosecution against him based on the acts he describes during the proffer.

The Government describes this letter as follows:

... The clear and common sense intent of this provision is to protect the work-product of the prosecutor who is questioning the proffer witness and prevent the proffer witness from revealing to outsiders and targets of an existing investigation those subject matters that were of interest to the prosecutor during the proffer interview.

There is absolutely nothing in the proffer letter that prohibits the proffer witness from consenting to an interview by any other person....

More critically, the prohibition against disclosing the content of the proffer interview is not a prohibition against discussing the subject matters of the proffer interview with other persons. Instead, it simply prohibits the proffer witness from confirming that the subject matters discussed during other interviews were the same subject matters discussed during the proffer interview. In this way, the work-product represented by the prosecutor's questions during the proffer interview is protected from disclosure to third parties, while at the same time, the witness is free to answer the same questions from another person, if the witness consents to the interview and the other person happens to ask the same questions.

For emphasis, the proffer agreement does not state or imply that the witness is prohibited from discussing the subject matters of the proffer interview with other persons. It does, however, prohibit a witness from "selling out" the prosecutor by coming in for a proffer interview, learning from the prosecutor's questions what areas and individuals are of interest to the prosecutor, and then providing that information to those who are the targets of an investigation or defendants in an existing prosecution....

(Government's Response in Opposition to Motion for Order Regarding Witness Interviews at 5–6)

As set forth in *United States v. Agostino*, 132 F.3d 1183, 1191–92 (7th Cir.1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998), a case cited by defendant Salcedo–Smith in his motion, in order to establish governmental interference with a witness, a defendant must "clearly show" that the government has violated his rights to due process. The *Agostino* court stated:

> "[T]he inability of a defendant to interview witnesses is a constitutional problem only if the state artificially restricted the defendant's ability to obtain evidence." ... Since a witness is free to decide whether to grant an interview with defense counsel, ... reversal on the ground of governmental interference with a witness "requires a clear showing that the government instructed the witness not to cooperate with the defendant."

*Id.* at 1191 (citations omitted). It does not appear that the Government restricted defendant Salcedo–Smith's ability to obtain evidence, instead, the Government restricted defendant Salcedo–Smith's ability to determine what subject matters were of interest to the prosecutor during the proffer interviews. The proffer letters do not prevent the witnesses from discussing with defendant Salcedo–Smith and his counsel the facts which are relevant to this action, they only prevent the witnesses from discussing the proffer interviews. Such a proscription does not meet the test of a clear showing that the Government instructed witnesses not to cooperate with defendant Salcedo–Smith.

Based on the foregoing, it is

ORDERED that defendant Salcedo–Smith's Motion to Prohibit Government

Interference With Defendant's Right to Interview Witnesses (doc # 194) is denied.